IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JONIE LEE SMITH,

        Plaintiff,

v.                                  CIVIL ACTION NO. 3:16-11868

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

This action for judicial review of an administrative determination under the Social Security Act was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for proposed findings of fact and recommendation for disposition ("PF&R") pursuant to 28 U.S.C. § 636(b)(1)(B). Now pending before the Court are Plaintiff's and Defendant's Briefs in Support of Judgment on the Pleadings. ECF Nos. 8 & 9. In the PF&R, the Magistrate Judge recommends that the Court **DENY** Defendant's Motion, **GRANT** Plaintiff's Motion, **REVERSE** the final decision of the Commissioner, and **REMAND** this case to the Social Security Administration for further proceedings. Defendant objects. ECF. No. 11. For the following reasons, the Court **REJECTS** the Magistrate Judge's PF&R and **REMANDS** this case to the Magistrate Judge for further proceedings consistent with this Memorandum Opinion and Order.

    **I.**    **Background**

On October 29, 2013, Plaintiff filed a claim for supplemental security disability benefits with the Social Security Administration, alleging disability beginning on October 1, 2009. Her

claim was initially denied on February 21, 2014, and denied upon reconsideration on June 16, 2014. Tr. 95-99 & 106-08, ECF No. 7-5, at 2-6 & 13-15. Plaintiff filed a request for hearing on July 1, 2014. *See* Tr. at 113-15, ECF No. 7-5, at 20-22. An administrative hearing was held on April 28, 2015, during which an Administrative Law Judge ("ALJ") heard evidence on Plaintiff's claims. Tr. at 24-69, ECF No. 7-3, at 2-47. Both Plaintiff and a Vocational Expert testified. Plaintiff's alleged onset date of disability also was amended to October 29, 2013. Tr. 29-30 & 198, ECF No. 7-3, at 7-8, ECF No. 7-7, at 30.

After consideration of the case, the ALJ entered a decision on June 12, 2015, finding that Plaintiff was not disabled. Tr. at 10-20, ECF No. 7-2, at 11-21. Plaintiff sought review of the ALJ's decision by the Appeals Council on August 12, 2015. Tr. at 6, ECF No. 7-2, at 7. After consideration of the administrative record, the Appeals Council denied Plaintiff's request for review on October 3, 2016, thereby making the ALJ's decision the final decision of the Commissioner. Tr. at 1-3, ECF No. 7-2, at 2-4.

Plaintiff filed the present Complaint on December 7, 2016, seeking judicial review of the Commissioner's final decision to deny her claims for benefits. ECF No. 1. In her Brief in Support of Judgment on the Pleadings, Plaintiff makes two arguments: (1) "Whether the decision of the Administrative Law Judge is supported by substantial evidence when the Administrative Law Judge's Residual Functional Capacity Evaluation did not address all of Plaintiff's Limitations," and (2) "Whether the decision of the Administrative Law Judge is supported by substantial evidence when the Administrative Law Judge failed to properly consider the opinion of the Vocational Expert who testified that Plaintiff is unable to engage in substantial activity[.]" *Plf.'s Br. in Supp. of J. on the Pleadings*, at 4, ECF No. 8.

In the PF&R, however, the Magistrate Judge found he could not conduct a meaningful review because "the ALJ did not indicate the weight given to Claimant's treating physicians Dr. Hansen and Dr. Soleymani." *PF&R*, at 14, ECF No. 10. Therefore, the Magistrate Judge recommends that the Court remanded back to the ALJ. The Magistrate Judge also said "the ALJ did not identify which State Agency opinions he gave great weight." *Id.* Neither of these reasons were raised by Plaintiff. Defendant filed timely objections to the PF&R on March 12, 2018. ECF No. 11.

## II. Standards of Review

### a. Standard of Review of PF&R

In reviewing the PF&R, this Court must "make a de novo determination of those portions of the … [Magistrate Judge's] proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In doing so, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The Court, however, is not required to review the factual or legal conclusions of the Magistrate Judge to which no objections are made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### b. Standard of Review of Commissioner's Decision

Pursuant to 42 U.S.C. § 405(g), "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." After reviewing the prescribed materials, if the Court finds that the Commissioner's decision is supported by "substantial evidence," the Court must affirm the decision. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

## III. Discussion

Defendant makes two objections to the PF&R. *Def.'s Obj. to PF&R,* ECF No. 11. First, Defendant argues that the Magistrate Judge erred in recommending remand based upon the ALJ's failure to indicate the weight he gave to Plaintiff's treating physicians. *Id.* at 2-6. Second, Defendant asserts the Magistrate Judge erred in finding the ALJ erred in failing to identify what State Agency opinions he gave great weight. Upon consideration, the Court agrees with both objections.

With respect to Defendant's first objection, Plaintiff was treated by Zachary Hansen, M.D. at ValleyHealth on September 11, 2013, for vomiting, diarrhea, and allergies, and she sought a refill of her prescription for Neurontin (Gabapentin) for leg pain. Tr. at 252, ECF No. 7-10, at 3. Plaintiff reported that she was addicted to heroin and would get horribly sick if she could not get it. *Id.* Dr. Hansen refilled her prescription, prescribed Claritin, and referred her to Prestera Center for evaluation and treatment for opioid dependence. Tr. at 253, ECF No. 7-10, at 4. He also prescribed Promethazine (Phenergan) in the event she wanted to detox on her own. *Id.*

On October 12, 2013, Plaintiff was treated by Kambiz Soleymani, M.D., at Prestera Center for mental health issues and substance abuse. Plaintiff was diagnosed with Opioid Dependence; Posttraumatic Stress Disorder; and Major Depressive Disorder, Recurrent, Severe with Psychotic Features. Tr. at 311, ECF No. 7-11, at 44. Dr. Soleymani treated Plaintiff again on October 19, 2013, and prescribed Trazodone for anxiety. Tr. at 323, ECF No. 7-11, at 56. On October 25, 2013, Plaintiff told Dr. Soleymani she was doing better on Trazodone and was sleeping better on Seroquel. Tr. at 325, ECF No. 7-11, at 58. Dr. Soleymani also saw Plaintiff again on November 22 and December 6, 2013. Tr. at 329-36, ECF No. 7-12, at 5-12.

In the PF&R, the Magistrate Judge recommends remand for the failure of the ALJ to indicate the weight he gave to Drs. Hansen's and Soleymani's opinions. Initially, the Court recognizes that this issue was not raised by Plaintiff as an objection in her Brief in Support of Judgment on the Pleadings. Additionally, a review of the record reveals that neither physician offers an opinion as to whether or not Plaintiff meets a Listing under the Social Security regulations. Instead, the record contains the treatment notes from these physicians. In rendering the decision, the ALJ discussed these treatment notes and found Plaintiff's diagnoses of Opioid Dependence, Posttraumatic Stress Disorder, and Major Depression to be "severe impairments." Tr. 12-13, ECF No. 7-2, at 13-14. Under these circumstances, the Court finds remand for failing to indicate the weight he gave the "opinions" of Drs. Hansen and Soleymani is not warranted.

Although the Magistrate Judge recommends remand due to "the ALJ's lack of explanation for the weight afforded to the treating physicians' opinions [because it] renders the analysis incomplete and precludes meaningful review[,]" the Magistrate Judge also mentions in the discussion section that "the ALJ did not identify which State Agency opinions he gave great weight." *PF&R*, at 14, ECF No. 10. On February 20, 2014, a record review was conducted by State Agency psychologist Jim Capage, Ph.D., who opined Plaintiff was not disabled. Tr. at 70-81, ECF No. 7-4, at 2-13. On June 12, 2014, State Agency psychological consultant Joseph A. Shaver, Ed.D reviewed the records and affirmed Dr. Capage's assessment. *Id*. at 82-94, ECF No. at 14-26. Dr. Shaver did no opine as to any additional limitation. *Id*.

In considering these assessments, the ALJ referenced the "State Agency medical physicians," and said he "gives great weight to the opinions." Tr. at 18, ECF No. 7-2, at 18. Although the ALJ did not expressly identify the State Agency doctors by name, it is clear he was referring to Drs. Capage and Shaver because they are the only two State Agency opinions that exist

in the record, and they reached the same conclusion after assessing the same limitations. Thus, the Court finds the ALJ's failure to refer to the State Agency doctors by name does not preclude meaningful review of the ALJ's decision. *See McGrady v. Astrue,* No. 1:11CV10, 2011 WL 4828884, at *20 (N.D.W. Va. Sept. 16, 2011) (stating "[e]ven though the ALJ did not specifically name [a particular doctor] . . . in this evaluation of the evidence, the above recitation demonstrates he considered her opinions").

**IV.    Conclusion**

Accordingly, for the reasons stated above, the Court **REJECTS** the Magistrate Judge's PF&R and **REMANDS** this case to the Magistrate Judge for consideration and resolution of Plaintiff's claims that the ALJ's decision is not supported by substantial evidence because (1) the ALJ's residual functional capacity evaluation did not address all of her limitations, and (2) the ALJ failed to properly consider the opinion of the vocational expert who testified that she is unable to engage in substantial activity.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:    March 29, 2018

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE